UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| SPEC INTERNATIONAL, INC., a Michigan Corporation, | Case No. 1:08-cv-662 |
| Plaintiff, | HONORABLE PAUL L. MALONEY |
| v. | |
| PATENT RIGHTS PROTECTION GROUP, LLC, A Nevada Limited Liability Company, | |
| Defendant. | |

## **ORDER**

**Rejecting the Plaintiff's Untimely Notice of Voluntary Dismissal of Previously-Transferred Case; Directing the Plaintiff to Consult the Transferee Court**

By opinion and order issued on Friday, January 9, 2009, this court transferred the case to the United States District Court for the District of Nevada, which has two earlier-filed cases that are closely related to this one, *PRPG v. SPEC & Cadillac Jack, Inc.*, No. 2:2008-cv-660 (D. Nev.) and *PRPG v. SPEC & Video Game Technologies, Inc.*, No. 2:2008-cv-662 (D. Nev.).

Oddly, three days later, on Monday, January 12, 2009, plaintiff SPEC International, Inc. ("SPEC") filed a notice in this court purporting to voluntarily dismiss the complaint. SPEC's notice is unavailing because when it was filed, SPEC's complaint was no longer pending before this court. The case was transferred to the Nevada court as ordered, and SPEC must direct any Rule 41(a)(1) notices or motions to that court.

This court no longer has jurisdiction over SPEC's complaint or this controversy. *See Moses v. Business Card Exp., Inc.*, 929 F.2d 1131, 1135 (6th Cir. 1991) (noting, with approval, district court's statement that "once the files are physically transferred to the transferee court, the transferor court loses jurisdiction over the case."); *see also Michigan Bar Review Ctr., Inc. v. Nexus Corp.*, 1971 WL 592, *1 (E.D. Mich. Oct. 27, 1971) ("Having entered an order directing that the case be transferred and the clerk of the court having physically sent the file of the case to the transferee court, this Court has no further jurisdiction over this matter.") (citing *Wilson v. The Ohio River Co.*, 236 F. Supp. 96, 98 (S.D.W.Va. 1964) (citing *Drabik v. Murphy*, 246 F.2d 408 (2d Cir. 1957))).[1]

---

[1]

*Accord In re Brand-Name Prescription Drugs Antitrust Lit.*, 264 F. Supp.2d 1372, 1378 (**JPMDL** 2003) ("From the moment that the files are physically transferred to the receiving court, the sending court loses all jurisdiction over the case.") (citing *Roofing & Sheet Metal Servs. v. La Quinta Motor Inns, Inc.*, 689 F.2d 982, 988-89 & n.10 (**11th Cir.** 1982) and *In re Nine Mile, Ltd.*, 673 F.2d 242, 243 (**8th Cir.** 1982) and *In re S.W. Mobile Homes*, 317 F.2d 65, 66 (**5th Cir.** 1963));

*O'Keefe v. US*, 2006 WL 517014, *1 n.1 (E.D. Wash. Mar. 2, 2006) ("The general rule is, absent an issue as to the court's power to transfer the case, physical transfer of the court file deprives the district court of jurisdiction.") (citing, *inter alia*, *Farrell v. Wyatt*, 408 F.2d 662, 664-65 (**2d Cir.** 1969));

*In re Carefirst of Maryland, Inc.*, 305 F.3d 253, 262 n.6 (**4th Cir.** 2002) ("in cases involving transfers outside the circuit, jurisdiction is conveyed to the transferee court upon the physical transfer of the case file") (citing, *inter alia, Wilson-Cook Med., Inc. v. Wilson*, 942 F.2d 247, 250 (4th Cir. 1991));

*Huff v. CSX Transp., Inc.*, 461 F. Supp.2d 853, 854-55 (S.D. Ill. 2006) (after transferring case to another district, both the transferor district court and its court of appeals lost jurisdiction) (citing, *inter alia*, *Jones v. InfoCure Corp.*, 310 F.3d 529, 533 (**7th Cir.** 2002));

*Cain v. Graf*, 1998 WL 654987, *2 (10th Cir. Sept. 21, 1998) ("'o]nce the files in a case are transferred physically to the court in the transferee district, the transferor court loses all jurisdiction over the case, including the power to review the transfer.'"") (quoting *Chrysler Credit Corp. v. County Chrysler, Inc.*, 928 F.2d 1509, 1516-17 (**10th Cir.** 1991));

*Starnes v. McGuire*, 512 F.2d 918, 924 (**D.C. Cir.** 1974) (en banc).

-2-

2

## **ORDER**

"Plaintiff's Notice of Dismissal" [document # 19], purporting to voluntarily dismiss the complaint without prejudice, is **STRICKEN for lack of jurisdiction.**[3]

This order merely adheres to this court's January 9, 2009 order transferring the case to the U.S. District Court for the District of Nevada.  As such, it is not an appealable order.  *See Dearth v. Mukasey*, 516 F.3d 413, 416 (6th Cir. 2008) (Suhrheinrich, Rogers, D.J. Bell) (while an appeal could lie from dismissal without prejudice of an action, "'It is settled that an order granting a transfer or denying a transfer is interlocutory and not appealable.'") (quoting *Lemon v. Druffel*, 253 F.3d

---

[2]

Indeed, this court probably lost jurisdiction upon issuance of the transfer order on January 9, 2009, without regard to when the physical case file was later sent to the transferee court.  *See Tharp v. TransWorld Drilling Co.*, 367 F. Supp. 521 (W.D. Okla. 1973) (relying on footnote in *Koehring Co. v. Hyde Const. Co., Inc.*, 382 U.S. 62 (1966)).  The physical case file has much diminished significance, if any significance at all, in an era where both the transferor and transferee districts employ the same Electronic Case Filing ("ECF") system and can transmit files electronically.  *See Chamberlain v. US Bancorp Cash Balance Ret. Plan*, 2005 WL 2757921 (S.D. Ill. Oct. 25, 2005):

> While, in a manual-filing system, *physical transfer* appropriately serves as a threshold for determining when a court is divested of jurisdiction because of the time, energy, cost, and inconvenience associated with transferring the file, it *has little significance in an electronic-filing system, in which a case can bounce back and forth between courts with little, if any, difficulty.  Though various physical documents may still travel between courts in an electronic-filing system, the record, such as it is, is not physically transferred.*

*Id.* at *2 (emphasis added).

[3]

Even if this court still had jurisdiction to entertain plaintiff's notice, the court would deny the notice as moot due to the issuance of the order transferring the case.

680, 683 (6th Cir. 1958) (citing *Norwood v. Kirkpatrick*, 349 U.S. 29, 33 (1955))).[4]

**It is so ordered this 14th day of January 2009.**

                                              /s/ Paul L. Maloney
                                              Honorable Paul L. Maloney
                                              Chief United States District Judge

---

[4] *See also Blue Ash Dev., Inc. v. Polan*, 1996 WL 1828 (6th Cir. Jan. 2, 1996); *Kothe v. City of Elyria*, 1989 WL 123239, *1 (6th Cir. Oct. 17, 1989) ("An order regarding transfer from one district court to another is not appealable absent a 28 U.S.C. § 1292(b) certification.") (citing *Lemon*, 253 F.2d at 683). *Cf. Jenkins v. Widnall*, 2000 WL 553957, *3 (6th Cir. Apr. 28, 2000) ("an order transferring a case from the district court to the Court of Federal Claims is generally not appealable") (citation to Fifth Circuit omitted).